1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
   thomas@setarehlaw.com
3  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
   SIGRID R. WILLIAMS

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11

12  SIGRID R. WILLIAMS, on behalf of herself,    Case No. 4:18-cv-00884-KAW
    all others similarly situated,
13                                               **CLASS ACTION**
                    *Plaintiff*,
14                                               **SECOND AMENDED COMPLAINT**
          vs.
15                                               1.  Failure to Provide Meal Periods (Lab. Code
    NICHOLS DEMOS, INC., an Oregon                    §§ 204, 223, 226.7, 512 and 1198);
16  corporation; NICHOLS & ASSOCIATES,           2.  Failure to Provide Rest Periods (Lab. Code
    INC., an Oregon corporation; FLAIR EVENT         §§ 204, 223, 226.7 and 1198);
17  MODELS, INC., an Oregon corporation;         3.  Failure to Pay Hourly Wages (Lab. Code §§
    COSTCO WHOLESALE CORPORATION, a                  223, 510, 1194, 1194.2, 1197, 1997.1 and
18  Washington corporation; and DOES 1 through       1198);
    50, inclusive,                               4.  Failure to Indemnify (Lab. Code § 2802);
19                                               5.  Failure to Provide Accurate Written Wage
                    *Defendants*.                    Statements (Lab. Code §§ 226(a));
20                                               6.  Failure to Timely Pay All Final Wages
                                                     (Lab. Code §§ 201, 202 and 203);
21                                               7.  Unfair Competition (Bus. & Prof. Code §§
                                                     17200 *et seq.*);
22                                               8.  Failure to Pay Employees For All Hours
                                                     Worked (29 U.S.C. §§ 201 *et seq.*)
23                                               9.  Client Employer Liability (Lab. Code §
                                                     2810.3)
24
                                                 **JURY TRIAL DEMANDED**
25

26

27

28

COMES NOW, Plaintiff SIGRID R. WILLIAMS ("Plaintiff"), on behalf of herself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this class action against Defendant NICHOLS DEMOS, INC., an Oregon corporation; NICHOLS & ASSOCIATES, INC., an Oregon corporation; FLAIR EVENT MODELS, INC., an Oregon corporation; COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have:

> (1)     failed to provide her and all other similarly situated individuals with meal periods;
>
> (2)     failed to provide them with rest periods;
>
> (3)     failed to pay them premium wages for missed meal and/or rest periods;
>
> (4)     failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;
>
> (5)     failed to pay them at least minimum wage for all hours worked;
>
> (6)     failed to pay them overtime wages at the correct rate;
>
> (7)     failed to pay them double time wages at the correct rate;
>
> (8)     failed to reimburse them for all necessary business expenses;
>
> (9)     failed to provide them with accurate written wage statements; and
>
> (10)    failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class action to recover unpaid wages, restitution and related relief on behalf of herself, all others similarly situated, and the general public.

## JURISDICTON AND VENUE

2.     This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. section 1331 because these claims seek redress for violation of Plaintiff's and the

1 | putative class' federal statutory rights under the Fair Labor Standards Act (28 U.S.C. § 201 *et*
2 | *seq.*).

3 |     3.    This Court has supplemental jurisdiction over Plaintiff's and the putative class' state
4 | law claims pursuant to 28 U.S.C. section 1367(a) because these claims are so closely related to
5 | Plaintiff's and the putative class' federal wage and hour claims that they form parts of the same
6 | case or controversy under Article III of the United States Constitution.

7 |     4.    Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because
8 | a substantial part of the events and omissions giving rise to the claims alleged in this complaint
9 | occurred in this District.

**PARTIES**

11 |     5.    Plaintiff SIGRID R. WILLIAMS is, and at all relevant times mentioned herein, an
12 | individual residing in the State of California.

13 |     6.    Plaintiff is informed and believes, and thereupon alleges that Defendant NICHOLS
14 | DEMOS, INC. ("Nichols Demos") is, and at all relevant times mentioned herein, an Oregon
15 | corporation doing business in the State of California.

16 |     7.    Plaintiff is informed and believes, and thereupon alleges that Defendant NICHOLS
17 | & ASSOCIATES, INC. ("Nichols & Associates") is, and at all relevant times mentioned herein, an
18 | Oregon corporation doing business in the State of California.

19 |     8.    Plaintiff is informed and believes, and thereupon alleges that Defendant FLAIR
20 | EVENT MODELS, INC. ("Flair Event Models") is, and at all relevant times mentioned herein, an
21 | Oregon corporation doing business in the State of California.

22 |     9.    Plaintiff is informed and believes, and thereupon alleges that Defendant COSTCO
23 | WHOLESALE CORPORATION ("Costco") is, and at all relevant times mentioned herein, an
24 | Washington corporation doing business in the State of California.

25 |     10.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as
26 | DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names.
27 | Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants
28 | when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the

1   fictitiously named defendants are responsible in some manner for the occurrences, acts and

2   omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

3   defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

4   capacities of the DOE defendants when ascertained.

5         11.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

6   mentioned herein, some or all of the defendants were the representatives, agents, employees,

7   partners, directors, associates, joint venturers, principals or co-participants of some or all of the

8   other defendants, and in doing the things alleged herein, were acting within the course and scope of

9   such relationship and with the full knowledge, consent and ratification by such other defendants.

10        12.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

11  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

12  and conspired with one another, and aided and abetted one another to accomplish the occurrences,

13  acts and omissions alleged herein.

14  **GENERAL ALLEGATIONS**

15        13.    Plaintiff worked for Defendants as a non-exempt, hourly employee beginning

16  sometime on or about November 2013 through May 2017.

17        14.    Plaintiff and the putative class were hired by third-party vendors, including,

18  Defendants NICHOLS DEMOS, INC., NICHOLS & ASSOCIATES, INC. and FLAIR EVENT

19  MODELS, INC to provide roadshow staffing in Costco stores ("Vendor Employees").

20        15.    The services Plaintiff and class members rendered required no special skill.

21        16.    Plaintiff and class members were provided with Costco badges, sales scripts, and

22  various policy and procedure forms that dictated regulations related to dress code, safety, health,

23  check in, etc.

24        17.    During her employment with Defendants, Defendants NICHOLS DEMOS, INC.,

25  NICHOLS & ASSOCIATES, INC., FLAIR EVENT MODELS, INC and COSTCO

26  WHOLESALE CORPORATION required Plaintiff and class members to report at a specified

27  Costco store at set times to perform their duties.

28        18.    Costco issued Plaintiff  and class members a Costco badge, required them to enter

the store using the employee entrance, was required to sign in/out on Costco's daily attendance sheet, and was required to comply with Costco's dress policy.  For example, Plaintiff and class members would be sent home by Costco if they did not comply with Costco's dress policy.

19.    Costco required Plaintiff and class members to utilize lockers provided by Costco for its employees to store their personal belongings during each shift as Costco did not permit them to carry it around in the store.

20.    Plaintiff and class members were supervised, directed and controlled by Costco, as described in further detail below.

21.    During her employment with Defendants, Plaintiff and class members were required by Defendants NICHOLS DEMOS, INC., NICHOLS & ASSOCIATES, INC., FLAIR EVENT MODELS, INC and COSTCO WHOLESALE CORPORATION to report to Defendant Costco's various locations at set times to perform their duties and use Costco's tools and instrumentalities to perform their duties.  Plaintiff made no investment in the equipment or materials used to perform her job duties for Defendants.

22.    Defendants NICHOLS DEMOS, INC., NICHOLS & ASSOCIATES, INC., FLAIR EVENT MODELS, INC and COSTCO WHOLESALE CORPORATION required Plaintiff to be present when the Costco store opened and could not leave until the last customer left the store. This is because when a customer placed an order, they are given a voucher for the product they want to purchase.  After paying for the product at the check-out register, a Costco employee would then pick up the product from Plaintiff.

23.    During her employment with Defendants, Defendants NICHOLS DEMOS, INC., NICHOLS & ASSOCIATES, INC., FLAIR EVENT MODELS, INC and COSTCO WHOLESALE CORPORATION required Plaintiff to submit daily sales reports at the end of each night to Defendants and to account for the inventory of products to be sold.  Plaintiff used Costco's fax machine to submit her daily reports to Defendants.

**Defendant Costco Employed Plaintiff and Class Members**

24.    As alleged throughout this complaint, Costco is a joint employer of Plaintiff and class members. Plaintiff and the putative class performed work for Costco; and Costco exercised

1  control over Plaintiff and the putative class' working conditions, even though NICHOLS DEMOS,

2  INC., NICHOLS & ASSOCIATES, INC. and FLAIR EVENT MODELS, INC were the employer

3  of record and paid Plaintiff and class member's wages.

4      25.     Costco owned and controlled the premises that Plaintiff and class members worked

5  in. Costco also imposed standards and oversight and supervised Plaintiff and class members.

6      26.     Plaintiff and class members were under the direction and control of Costco and its

7  supervisors, used Costco tools and equipment in the performance of their work duties (including

8  fax machines, copy machines, power jacks, strapping tools, zipties, etc), and interacted with Costco

9  supervisors on a daily basis.

10      27.     Costco issued Plaintiff  a Costco badge, required her to enter the store using the

11  employee entrance, was required to sign in/out on Costco's daily attendance sheet, and was

12  required to comply with Costco's dress policy.

13      28.     Costco managers instructed Plaintiff and class members on where to set up their

14  displays, where to stand and where and when to move products and displays.

15      29.     Plaintiff and class members were supervised, directed and controlled by Costco. For

16  example, Costco required Plaintiff and class members to comply with a Costco dress code and

17  sales script. Costco supervisors and managers would do walkthroughs of the Costco sales floor to

18  supervise Plaintiff and class members and confirm that Plaintiff and class members were

19  complying with Costco's policies, including, Costco's sales scripts and dress code. Plaintiff and

20  class members would be disciplined or sent home by Costco if they failed to comply with the

21  Costco dress code or sales script. There were not supervisors from NICHOLS DEMOS, INC.,

22  NICHOLS & ASSOCIATES, INC. or FLAIR EVENT MODELS, INC present at the Costco

23  warehouses.

24      30.     During her employment with Defendants, Defendants NICHOLS DEMOS, INC.,

25  NICHOLS & ASSOCIATES, INC. FLAIR EVENT MODELS, INC and COSTCO WHOLESALE

26  CORPORATION required Plaintiff to report at a specified Costco store at set times to perform her

27  duties.  Costco controlled when Plaintiff and class members ended their work for the day.

28  Plaintiff and class members were required by Costco to continue working past the time on the

Nichols or Flair schedule, because Costco required Plaintiff and class members to be present when the Costco store opened and could not leave until the last customer left the store.  This is because when a customer placed an order, they are given a voucher for the product they want to purchase. After paying for the product at the check-out register, a Costco employee would then pick up the product from Plaintiff.

31.    Costco required Plaintiff and class members to utilize lockers provided by Costco for its employees to store their personal belongings during each shift as Costco did not permit them to carry it around in the store.  A Costco manager informed Plaintiff that she could not leave her personal purse behind the display counter.

32.    Costco controlled how Plaintiff and class members performed her work. For instance, Costco required Plaintiff and class members to stand through the entirety of their lengthy shifts. Additionally, Costco did not allow Plaintiff or class members to use cell-phones, headphones, ipods or similar electronics on the sales floor. Moreover, Costco did not allow Plaintiff or class members to have food or drink in the work area, besides bottled water.

33.    Costco required Plaintiff and class members to follow Costco's Vendor employee policies and procedures. For example, Costco's "Vendor Employee Policies/Procedure –Special Events" document required Plaintiff and class members to "check in at receiving or the front entrance of the warehouse before and after all shifts….Upon entering the warehouse vendor employees must check in with a Merchandise Manager or the Exclusive Demonstration Company Supervisor." Furthermore, Costco required Plaintiff and class members to "never leave a work area unattended during a demo period." Moreover Costco required Plaintiff and class members to follow Costco's safety and signage policies.

34.    Costco controlled Plaintiff and class members working hours and conditions, in part because Costco required that demo personnel must be present "during the entire hours of operation for that particular warehouse." Costco mandated that the roadshow booths must be staffed at all times, and Costco managers would reprimand Plaintiff and class members if this was done. Plaintiff and class members had to notify a Costco manger before they would leave their booth.

35.    Costco managers would supervise Plaintiff and class members to ensure that they

1 would not leave the work area unattended during operating hours. Plaintiff was informed by

2 Costco managers that she could not leave the work area unattended during operating hours.

3      36.      Costco managers scolded Plaintiff for stepping away from the merchandise display,

4 even when she needed to go to the back of the Costco store to retrieve merchandise.

5      37.      On one occasion a Costco manager called Plaintiff's vendor to report that Plaintiff

6 had stepped away from the merchandise display during working hours.

7      38.      Costco managers informed Plaintiff that she could not leave the merchandise when

8 she attempted to take a break. Costco did not have any written meal and rest period policies for

9 Plaintiff or class members, Costco does not schedule the meal periods for Plaintiff or class

10 members and Costco does not pay meal and/or rest period premiums for Plaintiff or class members.

11      39.      Costco had the power to fire and/or prevent Plaintiff or class members from

12 working at Costco. Costco's Vendor Employee form states that if Plaintiff or class members did

13 "not follow Costco policies, he or she may be asked to leave the warehouse by the Warehouse

14 Manager." Costco had the ability to send Plaintiff and class members home for not following its

15 policies and instructions. Costco also had the right to mandate that any class member not be

16 permitted on their premises for any reason. Being sent home by Costco was tantamount to firing.

17 Being sent home by Costco would prevent Plaintiff and class members from continuing to work at

18 Costco. Plaintiff and the other class members were economically dependent on Costco, which was

19 the primary customer of Nichols and Flair. Plaintiff is informed and believes that on at least one

20 occasion, Costco informed a vendor that it must fire a class member, or the vendor would no

21 longer be welcome to demonstrate goods at Costco. Thus, the vendor fired the class member per

22 Costco's instructions.

23                              **Misclassification as Independent Contractor**

24      40.      Prior to September 2016, Plaintiff and the putative class were hired by third-party

25 vendors (such as Defendants Nichols Demos, Nichols & Associates and Flair Event Models) as

26 independent contractors to provide roadshow staffing for a variety of clients and primarily in

27 Costco stores.  Plaintiff and the putative class were required to execute a written Standard

28 Independent Contractor Agreement.  Pursuant to the terms of the written agreement, Plaintiff was

1  to be paid a flat rate of $160 each day regardless of the number of hours she actually worked; or

2  $180 each day if she also participated in the setup and teardown at each event. Each event

3  typically were for a ten-day duration.

4      41.    Plaintiff and class member's duties were to sell a client's products by providing in-

5  store demonstrations and samples, and to convey their knowledge of each product to prospective

6  customers. During her employment with Defendants, Defendants NICHOLS DEMOS, INC.,

7  NICHOLS & ASSOCIATES, INC. FLAIR EVENT MODELS, INC and COSTCO WHOLESALE

8  CORPORATION required Plaintiff and class members to report at a specified Costco store at set

9  times to perform their duties.

10     42.    Notwithstanding Defendants' misclassification of Plaintiff and the putative class as

11  independent contractors, at all relevant times, Plaintiff and the putative class were Defendants'

12  employees and as such were entitled to the protections of the Labor Code and the applicable

13  Industrial Welfare Commission Wage Order ("Wage Order").

14     43.    Defendants' willfully misclassified Plaintiff and the putative class as independent

15  contractors. At all relevant times, Defendants have engaged in a pattern and/or practice of

16  misclassifying Plaintiff and the putative class as independent contractors.

17     44.    Plaintiff is informed and believes and thereupon alleges that as a result of

18  Defendants' practice and policy of misclassifying employees as independent contractors, Plaintiff

19  and the putative class were not provided with (1) meal and/or rest periods; (2) not paid for all hours

20  worked, including any overtime and double time wages, among other claims alleged in this

21  complaint.

22                          **Off-the-Clock Work**

23     45.    Plaintiff and the putative class were not paid all wages earned as Defendants

24  directed, permitted or otherwise encouraged Plaintiff and the putative class to perform work but

25  only paid them a flat daily rate, regardless of the actual number of hours worked by each of them.

26     46.    Plaintiff and the putative class regularly reported to work at Costco before each

27  roadshow event in order set up their work areas and to move inventory of each client's products so

28  they would be on hand to be sold and delivered to customers each day.

47.     Plaintiff and the putative class regularly reported to work at Costco before it opened each day during each roadshow event in order to set up their work areas where they would be selling each client's products and would work until all customers had left the store.  At the end of each day, they were required to secure their work areas and inventory of products for the next day.  They were also required to prepare and submit a detailed sales report to Defendants at the end of each night.

48.     At the end of each roadshow event, Plaintiff and the putative class would also be involved in tearing down the work areas, move the unsold inventory of products to a secure location and provide a detailed accounting and report to Defendants.

49.     Plaintiff and the putative class were also not paid for travel time to and from each roadshow event regardless of the distance and the amount of time spent traveling.

50.     Defendants failed to keep accurate records of all hours worked by Plaintiff and the putative class and as alleged above, only paid them a flat daily rate regardless of the number of actual hours worked by each of them.

51.     As a result of performing off-the-clock work that was directed, permitted or otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this time.  Instead, Defendants only paid Plaintiff and the putative class a flat daily rate regardless of the number of actual hours worked by each of them.

52.     Defendants knew or should have known that Plaintiff and the putative class were performing work before and after their scheduled work shifts and failed to pay Plaintiff and the putative class for these hours.

53.     Plaintiff and the putative class regularly worked more than eight hours each workday and/or more than forty hours each workweek and were not paid any overtime wages.  On occasions where Plaintiff and the putative class worked up to eight hours on the seventh consecutive day, they were also not paid any overtime wages.

54.     On occasions where Plaintiff and the putative class worked more than twelve hours in a workday and/or more than eight hours on the seventh consecutive workday, they were not paid any double time wages.

55.     Defendants were aware of this practice and directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock work.

56.     As a result of Defendants' policies and practices, Plaintiff and the putative class were not paid for all hours worked.

### Missed Meal Periods

57.     Plaintiff and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

58.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on time.

### Missed Rest Periods

59.     Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

60.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the

putative class to work through their rest periods in order to complete their assignments on time.

## Expense Reimbursement

61.     Plaintiff and the putative class members were required to utilize their own personal vehicles to travel to each roadshow event.  Plaintiff and the putative class members were required to transport an inventory of products to be sold at each roadshow event along with marketing materials to be used at each event.

62.     Plaintiff and the putative class members were not reimbursed for mileage for travel to and from each roadshow event.

63.     Defendants failed to reimburse Plaintiff and the putative class for such necessary business expenses incurred by them.

## Regular Rate of Pay

64.     The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to, commissions and non-discretionary bonuses.

65.     During the applicable limitations period, Defendants violated the rights of Plaintiff and the putative class under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code sections 510, 1194 and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses and/or non-discretionary bonuses.

## Wage Statements

66.     Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

67.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that:

- all hours worked, including overtime, were not paid and so gross wages earned were not accurate;

- any and all meal and/or rest period premium wages were not paid and so gross wages

11
SECOND AMENDED CLASS ACTION COMPLAINT

earned were not accurate;

- the regular rate of pay was not properly calculated and so the gross wages earned were not accurate.

68.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that:

- all hours worked, including overtime, were not paid and so total hours worked by the employee were not accurate.

69.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that:

- all hours worked, including overtime, were not paid and so net wages earned were not accurate;
- any and all meal and/or rest period premium wages were not paid and so net wages neared were not accurate;
- the regular rate of pay was not properly calculated and so net wages earned were not accurate.

70.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that:

- all hours worked, including overtime, were not paid and so corresponding number of hours worked at each hourly rate by the employee were not accurate;
- the regular rate of pay was not properly calculated and so all applicable hourly rates in effect during the pay period were not accurate.

**<u>Costco Wage and Hour Cases Settlement in Los Angeles Superior Court</u>**

71.     A classwide wage and hour settlement was entered between Defendant Costco and employees of Smart Professionals LLC (represented by Setareh Law Group) *Costco Wage and Hour Cases*, Los Angeles Superior Court Case No. JCCP4871 ("Costco Wage and Hour Cases Settlement"). The settlement class members in the Costco Wage and Hour Cases Settlement are employees of vendor Smart Professionals LLC that Smart Professionals LLC retained to work as

1  representatives in a Costco warehouse from January 19, 2012. At the time of filing this complaint,

2  the Motion for Final Approval of Class Action Settlement of the Costco Wage and Hour Cases

3  Settlement is pending.

4  **CLASS ALLEGATIONS**

5       72.    This action has been brought and may be maintained as a class action pursuant to

6  Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among

7  the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

8  unaware of any difficulties likely to be encountered in managing this case as a class action.

9       73.    **Relevant Time Period**:  The relevant time period is defined as the time period

10  beginning four years prior to the filing of this action until judgment is entered.

11      **Hourly Employee Class**:  All persons who worked at Costco employed by Defendants as
12  "vendor employees" and/or any staffing agencies and/or any other third parties in hourly or
non-exempt positions in California during the **Relevant Time Period**.

13          **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a
shift in excess of five hours during the **Relevant Time Period**.

14

15          **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift
of at least three and one-half (3.5) hours during the **Relevant Time Period**.

16          **Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members
employed by Defendants in California during the period beginning one year before
17  the filing of this action and ending when final judgment is entered.

18          **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who
separated from their employment with Defendants during the period beginning three
19  years before the filing of this action and ending when final judgment is entered.

20      **FLSA Class**:  All persons who worked at Costco employed by Defendants as "vendor
employees" and/or any staffing agencies and/or any other third parties in the United States
21  who worked in hourly or non-exempt positions during the **Relevant Time Period**.

22      **Expense Reimbursement Class:**  All persons who worked at Costco employed by
Defendants and/or any staffing agencies and/or any other third parties in California who
23  incurred business expenses during the **Relevant Time Period**.

24      **UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California
during the **Relevant Time Period**.

25

26       74.    **Reservation of Rights**:  Plaintiff reserves the right to amend or modify the class

27  definitions with greater specificity, by further division into sub-classes and/or by limitation to

28  particular issues.

13

SECOND AMENDED CLASS ACTION COMPLAINT

75.   **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

76.   **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

A.   Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

B.   Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

C.   Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

D.   Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

E.   Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

F.   Whether Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

G.   Whether Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

H.   Whether Defendants failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or other applicable remuneration in calculating the rates at which those wages are paid;

I.   Whether Defendants failed to reimburse class members for all necessary

business expenses incurred during the discharge of their duties;

J.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

K.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

L.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

M.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition.

77.    **Typicality:**  Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

78.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly and adequately represent and protect the interests of the other class members.

79.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

80.    **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the

1    monetary amounts due to many individual class members are likely to be relatively small and would

2    thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.

3    Moreover, a class action will serve an important public interest by permitting class members to

4    effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the

5    potential for inconsistent or contradictory judgments inherent in individual litigation.

6    **FIRST CAUSE OF ACTION**

7    **FAILURE TO PROVIDE MEAL PERIODS**

8    **(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

9    **(Plaintiff and Meal Period Sub-Class)**

10   81.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

11   fully alleged herein.

12   82.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been

13   non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

14   Code and the applicable Industrial Welfare Commission Wage Order.

15   83.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare

16   Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

17   employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

18   of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

19   minutes for each work period of ten hours.

20   84.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

21   Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to

22   work during required meal periods and require employers to pay non-exempt employees an hour of

23   premium wages on each workday that the employee is not provided with the required meal period.

24   85.    Compensation for missed meal periods constitutes wages within the meaning of

25   Labor Code section 200.

26   86.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

27   violate the applicable Wage Order.

28   87.    Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

88.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

89.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

90.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

91.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

92.    Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

93.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

94.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

95.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7 and 1198)

### (Plaintiff and Rest Period Sub-Class)

96.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

97.     At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

98.     Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

99.     Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

100.     Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

101.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

102.     Plaintiff alleges that, at all relevant times during the applicable limitations period,

1    Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

2    with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,

3    as required by the applicable Wage Order.

4        103.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**

5    **Class** members additional premium wages when required rest periods were not provided.

6        104.    Specifically, Defendants written policies do not provide that employees may take a

7    rest period for each four hours worked, or major fraction thereof, and that rest periods should be

8    taken in the middle of each work period insofar as practicable.

9        105.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself

10   and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

11   costs of suit.

12       106.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

13   substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and

14   **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

15                              **THIRD CAUSE OF ACTION**

16                 **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

17                    **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

18                       **(Plaintiff and Hourly Employee Class)**

19       107.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

20   herein.

21       108.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

22   been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

23   applicable Wage Order.

24       109.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

25   which an employee is subject to the control of the employer, and includes all the time the employee

26   is suffered or permitted to work, whether or not required to do so."

27       110.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

28   employees at least the minimum wage set forth therein for all hours worked, which consist of all

hours that an employer has actual or constructive knowledge that employees are working.

111. Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

112. Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

113. Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

114. Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

115. Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

116. Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

117. Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

118. Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

119. Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective

regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

120.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to her and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

121.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

122.     During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

123.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

124.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seek to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

125.    The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee.  This requirement includes but is not limited to, commission, non-discretionary bonuses, shift differential pay and per diem.

126.    During the applicable limitations period, Defendants violated the rights of Plaintiff and **Hourly Employee Class** members under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code sections 510, 1194 and 1198 by not correctly calculating their regular rate of pay to include all applicable remuneration.

127.    California law uses the terms "compensation" and "pay" interchangeably and

1  requires that all applicable remuneration be included when calculating an employee's regular rate of

2  pay.

3      128.    At all relevant times, Defendants failed to pay Plaintiff premium wages based and at

4  a rate of compensation that reflected all remuneration paid to her, as required by Labor Code section

5  226.7(b) and Sections 11 and 12 of the applicable Wage Order when she was not provided with her

6  meal and/or rest periods.

7      129.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

8  during the applicable limitations period, Defendants maintained a policy or practice of paying

9  **Hourly Employee Class** members premium wages based on rates of compensation that have not

10  reflected all remuneration as required by Labor Code section 226.7(b) and Sections 11 and 12 of the

11  applicable Wage Order on the occasions when Defendants paid them premium wages in lieu of

12  meal and/or rest periods.

13      130.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

14  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and

15  **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

16  

**FOURTH CAUSE OF ACTION**

17  **FAILURE TO INDEMNIFY**

18  **(Lab. Code § 2802)**

19  **(Plaintiff and Expense Reimbursement Class)**

20      131.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

21  herein.

22      132.    Labor Code section 2802(a) states:

23      "An employer shall indemnify his or her employee for all necessary expenditures or
        losses incurred by the employee in direct consequence of the discharge of his or her

24      duties, or of his or her obedience to the directions of the employer, even though
        unlawful, unless the employee, at the time of obeying the directions, believed them

25      to be unlawful."

26      133.    At all relevant times during the applicable limitations period, Plaintiff and the

27  **Expense Reimbursement Class** members incurred necessary business related expenses and costs,

28  including but not limited to, mileage incurred for the use of her personal vehicle.

134.     Plaintiff is informed and believes, and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify Plaintiff and **Expense Reimbursement Class** members for all necessary expenses incurred in the discharge of their duties.

135.     Plaintiff is informed and believes and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all necessary business expenses incurred in the discharge of their duties.

136.     At all relevant times during the applicable limitations period, Defendants required Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused by Defendants' want of ordinary care.  Defendants failed to indemnify Plaintiff and **Expense Reimbursement Class** members for all such expenditures.

137.     Plaintiff is informed and believes that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense Reimbursement Class** members for all necessary business expenses.

138.     Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to restitution for all unpaid amounts due and owing to within four years of the date of the filing of the Complaint and until the date of entry of judgment.

139.     Plaintiff, on behalf of herself, and **Expense Reimbursement Class** members, seek interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiff and Wage Statement Penalties Sub-Class)

140.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

141.     Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an

accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

142.   Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

143.   Plaintiff is informed and believes that Defendants' failure to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

144.   Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

145.     Pursuant to Labor Code section 226(e), Plaintiff, on behalf of herself and **Wage Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

146.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

147.     At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

148.     At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

149.     At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

150.     At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

151.     During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

152.     Plaintiff is informed and believes that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

153.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

154.     Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

155.     Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

156.     Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

<u>**SEVENTH CAUSE OF ACTION**</u>

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq*.)**

**(Plaintiff and UCL Class)**

157.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

158.     Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

159.     Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

160.     California law requires employers to pay hourly, non-exempt employees for all hours

they are permitted or suffered to work, including hours that the employer knows or reasonable

should know that employees have worked.

161.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST,

SECOND, THIRD and FOURTH causes of action herein.

162.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

163.    Defendants have or may have acquired money by means of unfair competition.

164.    Plaintiff is informed and believes and thereupon alleges that by committing the

Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the

Labor Code violations alleged herein.

165.    Defendants have committed criminal conduct through their policies and practices of,

*inter alia*, failing to comport with their affirmative obligations as an employer to provide non-

exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each

work period of five or more hours, by failing to provide non-exempt employees with paid ten-

minute rest period for every four hours worked or major fraction thereof, and by failing to pay non-

exempt employees for all hours worked.

166.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

employees and entitled to the full protections of both the Labor Code and the applicable Wage

Order.

167.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

constitutes unfair competition within the meaning of Business and Professions Code section 17200

*et seq.*  Business and Professions Code sections 17200 *et seq.* protects against unfair competition

and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

behalf of similarly situated persons in a class action proceeding.

168.    As a result of Defendants' violations of the Labor Code during the applicable

limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants'

1   conduct.

2   169.   Plaintiff is informed and believes that other similarly situated persons have been

3   subject to the same unlawful policies or practices of Defendants.

4   170.   Due to the unfair and unlawful business practices in violation of the Labor Code,

5   Defendants have gained a competitive advantage over other comparable companies doing business

6   in the State of California that comply with their legal obligations.

7   171.   California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

8   for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

9   violates or is considered unlawful under any other state or federal law.

10   172.   Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

11   request the issuance of temporary, preliminary and permanent injunctive relief enjoining

12   Defendants, and each of them, and their agents and employees, from further violations of the Labor

13   Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

14   an order permanently enjoining Defendants, and each of them, and their respective agents and

15   employees, from further violations of the Labor Code and applicable Industrial Welfare

16   Commission Wage Orders.

17   173.   Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

18   herself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

19   belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

20   and unfair business practices.

21   174.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

22   and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

23   reasonable attorneys' fees in connection with their unfair competition claims.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PAY EMPLOYEES FOR ALL HOURS WORKED

### IN VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

**(29 U.S.C. §§ 201, *et seq.*)**

28   175.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

1  herein.

2       176.    At all material times herein, Plaintiff and all similarly situated **FLSA Class** members

3  who submit "Consents to Become Party Plaintiffs" are or were employed by and engaged in

4  providing services necessary to description of duties by Defendants, and have been entitled to the

5  rights, protections, and benefits provided under the FLSA, 29 U.S.C. sections 201 *et seq.*

6       177.    The FLSA requires, among other things, that employers pay employees the minimum

7  wage for all time worked plus overtime. 29 U.S.C. sections 206, 207, 215.

8       178.    At all material times, the duties and activities of Plaintiff and the putative class while

9  working for Defendants as "vendor employees" are necessarily and directly related to the principal

10  activities of the employee's duties, and thus constitutes compensable time under the FLSA and is

11  subject to the FLSA's overtime requirements. 29 C.F.R. section 785.38.

12       179.    At all material times herein, Defendants have violated the FLSA by failing to pay

13  Plaintiff for all hours worked and at the applicable rate of pay.

14       180.    At all material times herein, Defendants have violated the FLSA by failing to pay

15  **FLSA Class** at one-and-one-half (1.5) times the regular rate of pay when meeting time causes an

16  employee's total hours worked to exceed forty (40) hours in a week.

17       181.    Defendants have also violated the FLSA by failing to keep required, accurate records

18  of all hours worked by **FLSA Class** members. 29 U.S.C. section 2ll(c).

19       182.    Plaintiffs and all similarly situated employees are victims of a uniform and entity-

20  wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all

21  employees employed by Defendants.

22       183.    Plaintiffs and all similarly situated individuals are entitled to damages equal to the

23  mandated pay and overtime premium pay within the three (3) years preceding the filing of this

24  Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or

25  showed reckless disregard of whether their conduct was prohibited by the FLSA.

26       184.    Defendants have acted neither in good faith nor with reasonable grounds to believe

27  that their actions and omissions were not a violation of the FLSA. Plaintiffs and other similarly

28  situated individuals are entitled to recover an award of liquidated damages in an amount equal to the

1   amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the

2   applicable rate. 29 U.S.C. section 216(b).

3          185.    As a result of violations of the FLSA's minimum wage and overtime pay provisions,

4   Defendants have unlawfully withheld compensation from Plaintiffs and all similarly situated

5   individuals. Defendants are liable for unpaid compensation, together with an amount equal as

6   liquidated damages, attorneys' fees and costs of this action. 29 U.S.C. section 216(b).

7                          **NINTH CAUSE OF ACTION**

8                       **CLIENT EMPLOYER LIABILITY**

9                            **(Lab. Code § 2810.3)**

10                 **(Plaintiff and Hourly Employee Class)**

11         186.    Labor Code § 2810.3 became effective on January 1, 2016.

12         187.    Labor Code § 2810.3(1)(a)  provides that: "Client employer" means a business

13   entity, regardless of its form, that obtains or is provided workers to perform labor within its usual

14   course of business from a labor contractor.

15         188.     "Labor contractor" means an individual or entity that supplies, either with or

16   without a contract, a client employer with workers to perform labor within the client employer's

17   usual course of business. Labor Code § 2810.3(3).

18         189.    Section 2810.3 applies where the workers perform labor within the company's

19   "usual course of business." ""Usual course of business" means the regular and customary work of a

20   business, performed within or upon the premises or worksite of the client employer." Labor Code §

21   2810.3(a)(6).

22         190.    Defendants NICHOLS DEMOS, INC., NICHOLS & ASSOCIATES, INC. and

23   FLAIR EVENT MODELS, INC. are Labor Contractors under Labor Code § 2810.3(3) because they

24   are entities that supply the client employer Costco with workers, including Plaintiff and class

25   members, to perform labor within the client employer's usual course of business, i.e. demonstrating

26   and selling merchandise to Costco customers.

27         191.    Costco is a client employer under Labor Code § 2810.3(1)(a), as it obtains and/or is

28   provided with labor from vendors including Defendants NICHOLS DEMOS, INC., NICHOLS &

ASSOCIATES, INC. and FLAIR EVENT MODELS, INC.  Plaintiff and class members labored for Costco by performing labor within Costco's usual course of business, i.e. demonstrating and selling merchandise to Costco customers.

192.    At all relevant times, Plaintiff and class members performed labor at Costco premises within Costco's usual course of business, i.e. demonstrating and selling merchandise to Costco customers.

193.    Labor Code § 2810.3 provides that: "A client employer shall share with a labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contract for . . . the payment of wages." Section 2810.3(b)(1).

194.    Costco is liable to pay wages to Plaintiff and class members under Labor Code § 2810.3.

195.    Plaintiff sent the notice required by Section 2810.3(d) at least 30 days prior to amending the complaint to add this cause of action.

196.    Plaintiff, on behalf of herself and **Hourly Employee Class** members, seeks damages, all other relief allowed by law for failure to pay wages, as well as awards of reasonable attorneys' fees and costs.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, prays for relief and judgment against Defendants as follows:

(1)    An order that the action be certified as a class action;

(2)    An order that Plaintiff be appointed class representative;

(3)    An order that counsel for Plaintiff be appointed class counsel;

(4)    Unpaid wages;

(5)    Actual damages;

(6)    Liquidated damages;

(7)    Restitution;

(8)    Declaratory relief;

(9)    Pre-judgment interest;

1    (10)   Statutory penalties;

2    (11)   Civil penalties;

3    (12)   Costs of suit;

4    (13)   Reasonable attorneys' fees; and

5    (14)   Such other relief as the Court deems just and proper.

6    ## DEMAND FOR JURY TRIAL

7    Plaintiff, on behalf of herself, all other similarly situated, hereby demands a jury trial on all

8    issues so triable.

9

10   DATED:  July 18, 2018                    SETAREH LAW GROUP

11

12

13                                           */s/ Shaun Setareh*
                                             SHAUN SETAREH
14                                           Attorneys for Plaintiff
                                             SIGRID R. WILLIAMS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT